UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF NEW YORK

RAVEN MALCORVIAN,

       Plaintiff,

**CIVIL COMPLAINT**

  -against-

Civil Case No.: 1:16-cv-1270 (TJM/CFH)

REGENERON PHARMACEUTICALS, INC.
       Defendants.

**JURY TRIAL DEMANDED**

**PRELIMINARY STATEMENT**

1. Plaintiff, Raven Malcorvian, brings this action under the Americans With Disabilities Act, 42 U.S.C. §§12101, 12117 (as amended), and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq., for employment discrimination based on a Disability. The Plaintiff alleges that Defendant Regeneron Pharmaceuticals, Inc. through its employees and agents did discriminate against her based on a Disability by failing to provide her a reasonable accommodation and failing to hire her. The Plaintiff also asserts that the Defendants retaliated against her by terminating her for seeking an accommodation.

The Plaintiff is now seeking compensatory damages, punitive damages, costs and attorney's fees for the Defendants wrongful conduct.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. Plaintiff's claims are brought under the Americans With Disabilities Act, 42 U.S.C. §§12101, 12117 (as amended). Supplemental jurisdiction exists under the New York Human Rights Law, Executive Law §§292 and 296 et seq.

### VENUE

3. This action properly lies in the Northern District of New York, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

4. On July 27, 2016, the EEOC issued a "right to sue" letter, authorizing plaintiff to commence an action against Defendants within 90 days from receipt of the same. A copy of the right to sue letter is annexed hereto as Exhibit A.

5. This action is commenced within 90 days of plaintiff's receipt of the right to sue letter.

### PARTIES

6. Plaintiff, Raven Malcorvian, is a citizen and resident of the United States, State of New York, Saratoga County, residing in the Town of Waterford.

7. Defendant Regeneron Pharmaceuticals, Ins. (herein after "Regeneron") is a domestic non-profit corporation with its headquarters at 777 Old Saw Mill River Road, Tarrytown, NY, 10591-6707, in Tarrytown, New York.

## **FACTS**

9. In January 2016, the Plaintiff applied for an open Quality Control Analyst Biological Testing position with Regeneron.

10. In January 2016 and to this date, the Plaintiff was and is an individual with a disability as defined by the ADA (as amended) and NYHRL, with the primary aspect of her relevant disability pertaining to a sensitivity to natural light. In short, Plaintiff's disability means she is limited in her ability to be exposed to natural light.

11. When working indoors, being provided with a workspace with windowless rooms or appropriate darkening shades would accommodate Plaintiffs' disability.

12. The Plaintiff was qualified for the position for which she applied with Regeneron and could perform the essential functions of the position with or without reasonable accommodation.

13. On January 26, 2016, Regeneron Talent Acquisition Specialist Kara Szczesiul reviewed the qualifications of the position Plaintiff sought with her via telephone.

14. On February 1, 2016, the Plaintiff was interviewed by telephone by Regeneron Supervisor of Quality Control Biological Testing Kyla Frohlich.

15. After the interview, Ms. Frohlich stated that the Plaintiff was a perfect match for the open Regeneron position.

16. Confirming that the Plaintiff was a "perfect match" for the position, on February 2, 2016, the Plaintiff was contacted by Regeneron's Human Resources personnel to schedule an in-

person, on-site interview at Regeneron's location.  Because of the Plaintiff's disability, she requested a reasonable accommodation for the interview process.

17. On February 11, 2016, the Plaintiff went to the on-site interview at Regeneron's location in Rensselaer, New York.

18. Because of the Plaintiff's disability, as noted above, the Plaintiff is often required to wear "protective physical equipment" ("PPE"), including protective clothing/gear which covers the Plaintiff's eyes and face.

19. Because of the physical conditions present at the Regeneron location at which the Plaintiff's interview was to take place and because of the Plaintiff's disability, the Plaintiff was required to wear her PPE for part of the day on her Regeneron interview day on February 11, 2016.

20. The Plaintiff had asked for reasonable accommodations in the interview process at Regeneron, but she was not fully accommodated as needed.  For example, the Plaintiff was required to wait for the interview at the Regeneron location in a waiting room with windows and not allowed to wait in a room without windows despite advising Regeneron of the need for such a reasonable accommodation.

21. Regeneron noticed the Plaintiff's disability-required PPE when the Plaintiff arrived on February 11, 2016, for her interviews, and Regeneron reacted negatively to such, by, for example, calling Regeneron security to report Plaintiff and/or her hooded or physical appearance due to her PPE covering.

22. Similarly, Regeneron Human Resources manager Alicia Patrick commented negatively after she had witnessed the Plaintiff's disability-required PPE.

23. On February 16, 2016, Szczesiul contacted Plaintiff and advised that Plaintiff was not being offered the position for which she interviewed.

24. On February 17, 2016, Plaintiff spoke with Szczesiul to inquire why Plaintiff did not receive the position, and the Plaintiff was told that it was because the Plaintiff did not provide detailed answers during the interview, yet the Plaintiff provided in sum and substance the same answers to the questions asked of her on the phone by Frohlich to which Frochlich stated that the Plaintiff sounded "like the perfect candidate" for the available position that Plaintiff provided during the later on-site interviews.

<u>AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>
(FAILURE TO ACCOMMODATE UNDER FEDERAL AND STATE LAW)

25. The allegation in paragraphs "1" through "24" are incorporated herein as if set forth in full.

26. That Ms. Malcorvian put the Defendants on notice of her diagnosed disability as early as February 2016.

27. That Ms. Malcorvian's photosensitivity disorder was a disability as defined by the ADA because she had a physical impairment and that impairment substantially limited the major life activities of walking, standing, working, and engaging in personal activities while exposed to natural light. See 29 C.F.R. § 1630.2(g)(1). Additionally, Ms. Malcorvian's condition is a disability under NY Human Rights Law, which defines a disability more broadly than the ADA.

28. That Defendants implicit acknowledged that Ms. Malcorvian had a disability sufficient to warrant an accommodation in the interview process by interviewing her partially in a room without windows, but unfortunately that accommodation only partially addressed the issue.  She was not allowed to wait in a waiting room without windows or with block-out shades before the interview, for example, and it was indicated to her by the Defendant that a good faith effort would not be made to provide reasonable accommodations for her in the laboratory if she had been hired by the Defendant.

29. That the Plaintiff's disability is covered under the Americans with Disabilities Act and New York State Human Rights Law.

30.  That the Defendants are subject to both state and federal laws prohibiting discrimination based on a disability.

31. That the defendants discriminated against the Plaintiff based on her disability because they were on notice of her disability which was a disability as defined by the ADA, the Defendants are covered by the ADA, the Plaintiff sought reasonable accommodations in the hiring process, and the Defendants did not provide such.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

<u>(FAILURE TO HIRE)</u>

32. The allegation in paragraphs "1" through "31" are incorporated herein as if set forth in full.

33. That the Defendants were aware that Plaintiff was a person with a disability as defined within the relevant federal and state laws.

34. That the Plaintiff was qualified for the job for which she applied as was confirmed both by the oral comments made by the Defendants and by the haste with which Plaintiff was summoned for an in-person interview after her telephone interview.

35. That the Plaintiff was denied by the Defendants the job for which she applied, and the denial occurred under circumstances that give rise to an inference of unlawful discrimination, given, for example, the favorable review the Plaintiff was given after the oral telephonic interview *prio*r to the Defendants witnessing her PPE and obvious evidence of a Disability, given the demeaning reporting of Plaintiff to Defendant's security personnel due to Plaintiff wearing her Disability-required PPE, given (upon information and belief) the fact that the person hired for the position by Defendant was someone without such an obvious disability as Plaintiff

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
<u>(RETALIATION UNDER FEDERAL AND NY LAW FOR ENGAGING A PROTECTED ACTIVITY)</u>

36. The allegation in paragraphs "1" through "35" are incorporated herein as if set forth in full.

37. That Ms. Malcorvian engaged in following protected activities for which she was retaliated against:

7

1) She asserted her statutory right to request a reasonable accommodation.

2) She protested and opposed what she believed was discrimination based on a Disability when she was not fully provided such when she arrived for her interview.

38. That the Defendants were aware of the protected activities indicated above in paragraph "37".

39. That the Defendants failed to hire the Plaintiff because she engaged in the protected activities indicated above in paragraph "37" above.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (PENDENT STATE CLAIMS)

39. The allegation in paragraphs "1" through "39" are incorporated herein as if set forth in full.

40. That the conduct of the Defendant's employees as alleged in paragraphs 10 through 33 violate New York Human Rights Law§§292 and 296 et seq.

41. That as the Defendant's conduct is in violation of §§292 and 296 et seq. the Plaintiff is entitled to compensatory and punitive damages in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that this court enter a judgment:

1. Declaring that the acts and practices complained of herein are in violation of the Americans With Disabilities Act, 42 U.S.C. §§12101, 12117 and 42 U.S.C. §1981a. and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq. for employment discrimination based on a Disability and constitute the

basis for awarding back pay with interest, compensatory damages, other lost benefits, and such other further relief as to this Court seems just and proper.

2. Award to the Plaintiff Raven Malcorvian compensatory damages in each cause of action in an amount to be proven at trial.

3. Award to the Plaintiff exemplary damages in each cause of action in an amount to be proven at trial.

4. Award plaintiff the costs, disbursements and attorney's fees for the prosecution of this matter along with such other and further relief as the Court may deem just and proper.

5. Ordering that the Defendant hire the Plaintiff with a reasonable accommodation.

6. Award damages under state and federal law in such way as to maximize the Plaintiff's possible award. In the Second Circuit, various courts at their discretion have awarded all punitive damages under federal law and compensatory damages under state law.

Dated :  October __24__, 2016

LAW OFFICE OF PATRICK SORSBY PLLC

By____S/_____
Patrick Sorsby
Bar Roll No.: 517840
1568 Central Avenue
Albany, New York  12205
Phone: (518) 545-4529
E-mail: sorsbylaw@gmail.com