Lauri F. Rasnick
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
lrasnick@ebglaw.com
*Attorneys for Defendant*
*Regeneron Pharmaceuticals, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| RAVEN MALCORVIAN, | : |
| | : **ECF** |
| Plaintiff, | : |
| | : Case No.: 1:16-cv-1270 |
| - against - | : (TJM/CFH) |
| | : |
| REGENERON PHARMACEUTICALS, INC., | : **ANSWER AND** |
| | : **AFFIRMATIVE DEFENSES** |
| Defendant. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendant Regeneron Pharmaceuticals, Inc., by its attorneys Epstein, Becker & Green, P.C., hereby answers the Complaint of Raven Malcorvian, as follows:

PRELIMINARY STATEMENT

      1.    Denies the allegations contained in paragraph 1 of the Complaint, except that Plaintiff seeks relief pursuant to the identified statutes, and states that Defendant has not engaged in any conduct that entitles Plaintiff to damages or relief, and respectfully refers the Court to the Complaint for its contents.

JURISDICTION

      2.    The allegations contained in paragraph 2 of the Complaint contain conclusions of law to which no response is required.

Firm:43087631v2

## VENUE

3. The allegations contained in paragraph 3 of the Complaint contain conclusions of law to which no response is required, except denies that Defendant committed any unlawful employment practice.

4. Denies the allegations contained in paragraph 4 of the Complaint, except admits that a Dismissal and Notice of Rights letter dated July 27, 2016 was issued.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

## PARTIES

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint except that the corporate headquarters of Regeneron Pharmaceuticals, Inc. are located at 777 Old Saw Mill River Road, Tarrytown, New York, 10591-6707.

8. The Complaint does not contain a paragraph 8 and thus no response is necessary.

## FACTS

9. Admits the allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint contain conclusions of law to which no response is required.  To the extent paragraph 10 contains factual allegations, denies the allegations stated therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's sensitivity to natural light and/or her alleged ability to be exposed to natural light.

11. The allegations in paragraph 11 contain conclusions of law, no response is

required. To the extent paragraph 11 contains factual allegations, denies that Plaintiff suffers from a disability as defined by the applicable federal and state laws and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what would allegedly accommodate Plaintiff's alleged disability.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint, except admits that on January 26, 2016 Kara Szczesiul, Talent Acquisition Specialist, spoke with Plaintiff via telephone regarding a position at Regeneron.

14. Admits the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Admits the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiff did on "part of the day" of her interview.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Admits the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

RESPONSE TO AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(FAILURE TO ACCOMMODATE UNDER FEDERAL AND STATE LAW)

25. With respect to paragraph 25 of the Complaint, repeats its answers in paragraphs 1 through 24.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint contain conclusions of law to which no response is required.  To the extent paragraph 27 contains factual allegations, denies the allegations stated therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged physical impairment.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint contain conclusions of law to which no response is required.  To the extent paragraph 29 contains factual allegations, denies the allegations.

30. The allegations contained in paragraph 30 of the Complaint contain conclusions of law to which no response is required.  To the extent paragraph 30 contains factual allegations, admits that Defendant is subject to federal and state anti-discrimination statutes and avers that it adheres to them.

31. Denies the allegations contained in paragraph 31 of the Complaint.

RESPONSE TO AS AND FOR A SECOND CAUSE OF ACTION
(FAILURE TO HIRE)

32. With respect to paragraph 32 of the Complaint, repeats its answers in paragraphs 1 through 31.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

RESPONSE TO AS AND FOR A THIRD CAUSE OF ACTION
(RETALIATION UNDER FEDERAL AND NY LAW
FOR ENGAGING A PROTECTED ACTIVITY)

36. With respect to the allegations in paragraph 36 of the Complaint, repeats its answers in paragraphs 1 through 35.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in the first paragraph 39 of the Complaint.

RESPONSE TO AS AND FOR A FOURTH CAUSE OF ACTION
(PENDENT STATE LAW CLAIMS)

39. With respect to the allegations contained in the second paragraph 39 of the Complaint, repeats the allegations in paragraphs 1 through the first paragraph 39.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

All actions taken by the Defendant with respect to Plaintiff were nondiscriminatory, based on reasonable, legitimate business factors, and were undertaken in good faith and in compliance with all applicable laws, rules and regulations, including without limitation, the Americans with Disabilities Act ("ADA") and the New York Human Rights Law ("NYHRL").

## THIRD DEFENSE

Upon information and belief, plaintiff does not qualify as a person with a disability as defined by the ADA and NYSHRL.

## FOURTH DEFENSE

Plaintiff's claims are barred because she failed to avail herself of the reasonable accommodation offered or provided to her during the interview process.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that her claims involve accommodations that would have imposed undue hardship on Defendant.

## SIXTH DEFENSE

Plaintiff's claims and damages demands are barred by her own conduct.

## SEVENTH DEFENSE

Defendant did not encourage, condone or ratify any of the alleged discriminatory or retaliatory conduct alleged by Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she could not perform and/or was not qualified to perform the essential functions of the position she applied for, with or without a reasonable accommodation.

## NINTH DEFENSE

The Complaint fails to state a cause of action upon which compensatory damages, punitive damages, attorneys' fees or any other damages may be awarded.

### TENTH DEFENSE

Plaintiff's claims for punitive damages and/or an award of attorneys' fees and/or costs are barred, in whole or in part, because such damages are not available for some or all of the claims she has alleged and because Defendant did not engage in any conduct rising to the level required to sustain such awards.

### ELEVENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims may be barred, in whole or in part, by the doctrines or waiver, unclean hands, estoppel, laches, and/or after-acquired evidence.

### TWELFTH DEFENSE

Any emotional distress, pain and suffering, mental anguish, physical ailments, embarrassment and/or humiliation suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

### THIRTEENTH DEFENSE

Upon information and belief, plaintiff failed to mitigate her damages.

### RESERVATION OF RIGHTS

In addition to the defenses stated above, Defendant reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

WHEREFORE, Defendant respectfully requests that the Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint in its entirety, together with attorneys' fees and costs of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
       March 30, 2017

EPSTEIN BECKER & GREEN, P.C.

By:    /s/ Lauri F. Rasnick  
       Lauri F. Rasnick

250 Park Avenue  
New York, New York  10177  
lrasnick@ebglaw.com  
(212) 351-4854  
*Attorney for Defendant*  
*Regeneron Pharmaceuticals, Inc.*